**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERVIN MIDDLETON,

Plaintiff,

vs.

OMELY TELECOM,

Defendant.

Case No. 2:13-cv-01367-GMN-GWF

**ORDER**

This matter comes before the Court on Plaintiff Ervin Middleton's ("Plaintiff") Application to Proceed in Forma Pauperis (#1), filed on August 2, 2013. Plaintiff attached his Complaint (#1-1) to the Application.

**DISCUSSION**

**I. Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II. Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint under section 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to

amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff brings this action for statutory damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. As the Court understands Plaintiff's allegations, Defendant called or left voice mails on Plaintiff's mobile phone 50 times in June and July of 2013, 35 of which occurred after a written request to cease any telephone calls. Plaintiff further avers that he is listed on the National Do Not Call List.

The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). Pursuant to its delegated authority under paragraph (2)(b), the Federal Communications Commission ("FCC") has exempted from the general prohibition on automated commercial calls those that both "do [...] not include or

introduce an unsolicited advertisement or constitute a telephone solicitation[,]" 47 C.F.R. § 64.1200(a)(2)(iii) (2011) (amended 2012), and do not adversely affect the privacy rights of the called party. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14095 ¶ 136, 2003 WL 21517853 (F.C.C. July 3, 2003). The TCPA also provides for a private right of action. 47 U.S.C. § 227(b)(3)(B)-(C).

Here, Plaintiff has pled that Defendant placed automatic telephone dialing system calls to Plaintiff's mobile phone with prerecorded voices without the express permission of Plaintiff. Plaintiff has not, however, pled any facts that suggest that the messages contained violative solicitations, rather than messages exempted by the FCC. Therefore, Plaintiff has not pled sufficient facts to state a claim under the TCPA, and the Court will dismiss the complaint with leave to amend.

In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pay the $400.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

...

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 12, 2014** to file an amended complaint the cures the defect noted in this Order.

DATED this 11th day of February, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge